UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MANUEL AGUILAR-SEGOVIA, | ) | CASE NO. C07-0218-TSZ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Manuel Aguilar-Segovia, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. #6). Petitioner argues that his mandatory detention without bond under Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), violates his due process rights, and that he is entitled to release because he is not a flight risk or a danger to society. (Dkt. #19 at 2-7). Respondents have moved to dismiss, arguing that petitioner is lawfully detained not under INA § 236(c), but under INA § 241(a)(1)(C), 8 U.S.C. §1231(a)(1)(C), which allows for continued detention at the

REPORT AND RECOMMENDATION
PAGE -1

discretion of the Attorney General after a final order of removal has been issued. (Dkt. #13). Respondents argue, in the alternative, that even if INA § 236 governs petitioner's detention, he is not eligible for release because his detention under INA § 236(c) is mandatory due to his conviction of a crime involving moral turpitude.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #6) be DENIED and that respondents' motion to dismiss (Dkt. #13) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador who entered the United States without admission or parole at or near El Paso, Texas, on or about November 28, 1997. (Dkt. #16 at L551). On May 13, 2005, petitioner was convicted in the Superior Court of Washington for King County for the offense of Felony Assault in the Second Degree, in violation of RCW 9A.36.021(1)(C). (Dkt. #16 at L67).

On June 6, 2005, petitioner was released from state custody and immediately taken into ICE custody pursuant to a Warrant for Arrest. (Dkt. #16 at L43). ICE served petitioner with a Notice to Appear ("NTA"), placing him in removal proceedings and charging him with removability under INA § 212(a)(6)(A)(i), for being present in the United States without being admitted or paroled, and under INA § 212(a)(2)(A)(i)(I), for having been convicted of a crime involving moral turpitude. (Dkt. #16 at L44-46). ICE subsequently determined that petitioner would remain detained without bond pending his removal proceedings. (Dkt. #16 at L42).

At a master calendar hearing before an Immigration Judge ("IJ"), petitioner, through counsel, admitted the factual allegations contained in the NTA, and conceded removability as charged. (Dkt. #16 at R201). On August 11, 2005, after a removal hearing, the IJ denied

REPORT AND RECOMMENDATION
PAGE -2

petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordered him removed to El Salvador. (Dkt. #16 at R130). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who remanded the case to the Immigration Court because the August 11, 2005, hearing had not been properly transcribed. (Dkt. #16 at L490).

On August 31, 2005, the IJ held a bond hearing and determined that petitioner would continue to be detained without bond. (Dkt. #16 at L368). On October 18, 2005, the IJ issued a written bond decision, finding petitioner to be a flight risk and a danger to the community. (Dkt. #16 at L498-501). The IJ noted that petitioner "pleaded guilty to Assault in the Second Degree in May 2005 for threatening a security officer with a machete he keeps in his car. Considering this conviction and his arrests for domestic violence assault, driving under the influence, hit-and-run, and a gang-related shooting, the [petitioner] has demonstrated he is a danger to the community." *Id.* at 498. The IJ concluded that petitioner "has not demonstrated he is a good bail risk," and "will continue to be held without bond." *Id.* Petitioner appealed the IJ's bond decision to the BIA, who affirmed the IJ's bond decision on December 27, 2005. (Dkt. #16 at L494).

On May 6, 2006, after a hearing on remand, the IJ again denied petitioner's applications for asylum, withholding of removal, and protection under the CAT, and ordered him removed to El Salvador. (Dkt. #16 at L540-551). On June 19, 2006, petitioner, proceeding pro se, filed his first Petition for Writ of Habeas Corpus with this Court, challenging his continued detention. *See Aguilar-Segovia v. Clark*, et al., Case No. C06-856-JLR-MAT (Dkt. #6). On July 19, 2006, the BIA affirmed the IJ's decision and dismissed petitioner's appeal. Accordingly, petitioner's order of removal became administratively final on that date. *See* INA § 101(a)(47)(B), 8 U.S.C. §

REPORT AND RECOMMENDATION
PAGE -3

1101(a)(47)(B).

On August 18, 2006, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals. *Aguilar-Segovia v. Gonzales*, No. 06-74065. During the pendency of his first habeas petition and petition for review, petitioner requested another bond hearing before the IJ. (Dkt. #14, Ex. A). On September 25, 2006, the IJ conducted another bond hearing and again determined that petitioner would continue to be detained without bond. *Id.* On October 11, 2006, petitioner filed a motion to withdraw his first habeas petition, which the Court granted. *See Aguilar-Segovia v. Clark*, et al., Case No. C06-856-JLR-MAT (Dkts. #18 and #19).

On October 19, 2006, the Ninth Circuit construed petitioner's Petition for Review to include a Motion for Stay of Removal. Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue.[1] Unaware that a temporary stay of removal had been entered by the Ninth Circuit, ICE removed petitioner to El Salvador on October 30, 2006. (Dkt. #4). After learning about the temporary stay, ICE brought petitioner back to the United States, where he reentered ICE custody on December 21, 2006. *Id.*

On February 7, 2007, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. #6). On February 27, 2007, ICE notified petitioner that his detention status would be reviewed on or about March 21, 2007, and that he could submit any documentation he wished to be reviewed in support of his release prior to that date. (Dkt. #23, Ex. A). After reviewing petitioner's case, the reviewing officer concluded that petitioner appears to be a flight risk and recommended that petitioner remain detained. (Dkt. #23, Ex. B). The reviewing officer

---

[1] On March 16, 2007, the Ninth Circuit continued the temporary stay pending the outcome of petitioner's Petition for Review.

REPORT AND RECOMMENDATION
PAGE -4

01 noted,

02 > The Immigration Judge denied bond for [petitioner], and found him to be a flight risk.
03 > [Petitioner] appears to be a flight risk at this time as well in that he probably would
   > not voluntarily depart the United States if his Ninth Circuit Court of Appeals Petition
04 > for Review were dismissed. This decision is based on [petitioner's] history of being
   > an undocumented illegal alien for numerous years, his lack of documentation of his
   > plans for life, and the unlikelihood of relief being granted for him. Another travel
05 > document for [petitioner] can be issued for his removal again, and it is foreseeable to
   > remove [petitioner] once his appeal is dismissed.

07 *Id.* On April 19, 2007, ICE Field Office Director A. Neil Clark followed the recommendation, and

08 notified petitioner that he would remain detained in ICE custody pending the result of his appeal

09 before the Ninth Circuit. (Dkt. #23, Ex. C).

10 Respondents were served with the habeas petition and filed a Return and Motion to

11 Dismiss on March 28, 2007. (Dkt. #13). On May 23, 2007, petitioner filed a response, Dkt. #19,

12 a declaration, Dkt. #20, and a second response, Dkt. #21. On May 25, 2007, respondents filed

13 a reply, Dkt. #22, and on June 5, 2007, petitioner filed a surreply, Dkt. #24. The habeas petition

14 and motion to dismiss are now ready for review.

15 III. <u>DISCUSSION</u>

16     A.    <u>The Removal Period Has Not Yet Begun, and Petitioner is Detained Pursuant to INA § 236</u>.

18 Section 236 of the INA provides the framework for the arrest, detention, and release of

19 aliens in removal proceedings. Once removal proceedings have been completed, the detention and

20 release of aliens shifts to INA § 241, 8 U.S.C. § 1231. The determination of when an alien

21 becomes subject to detention under Section 241 rather than Section 236 is governed by Section

22 241(a)(1). INA § 241(a)(1)(B) provides that:

REPORT AND RECOMMENDATION
PAGE -5

The removal period begins on the latest of the following:

>(i) The date the order of removal becomes administratively final.

>(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

>(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added). Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision. *See Ma v. Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order."); *see also Martinez-Jaramillo v. Thompson*, 120 Fed. App'x 714, 717 (9th Cir. 2005) (holding that where a stay of removal is granted pending judicial review, INA § 236 provides the statutory basis for detention); *Kothandaraguipathy v. Dep't of Homeland Sec.*, 396 F. Supp. 2d 1104, 1107 (D. Ariz. 2005) (holding, "detention is pursuant to the pre-removal order detention statute, 8 U.S.C. § 1226, rather than the post-removal order detention statute, 8 U.S.C. § 1231" when § 1231(a)(1)(B)(ii) applies to delay commencement of the removal period); *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1224 (W.D. Wash. 2004) (same). Here, the Ninth Circuit has issued a stay of removal pending its review of petitioner's removal order, and the petition for review remains pending. "Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA's decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236." *Quezada-Bucio*, 317 F. Supp. 2d at 1224.

REPORT AND RECOMMENDATION
PAGE -6

01         Respondents argue that the removal period commenced on July 19, 2006, when petitioner's order of removal became administratively final, and that he is therefore detained under INA § 241. Respondents further argue that the removal period has been extended under INA § 241(a)(1)(C) because petitioner acted to prevent his removal by seeking a stay of removal. (Dkt. #13 at 5-7). Contrary to respondents' argument, this Court has repeatedly held that when the Ninth Circuit enters a stay of removal pending its review of an administratively final order of removal, the alien continues to be detained under INA § 236 until the Ninth Circuit renders its decision. *See Quezada-Bucio*, 317 F. Supp. 2d at 1224; *see also Rodriguez-Carabantes v. Chertoff*, No. C06-1517Z, 2007 WL 1268500, at *3-5 (W.D. Wash. May 1, 2007); *Middleton v. Clark*, No. C06-1324RSM, 2007 WL 1031725, at *1 (W.D. Wash. April 2, 2007); *Prieto-Romero v. Clark*, No. C07-784RSL, 2007 WL 565872, at *1 (W.D. Wash. February 16, 2007); *Roque v. Chertoff*, No. C06-0156TSZ, 2006 WL 1663620, at *3 (W.D. Wash. June 12, 2006). As noted, where a "removal order is judicially reviewed and if a court orders a stay of the removal of the alien," the removal period does not begin until "the date of the court's final order." INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Because the removal period has not commenced by virtue of INA § 241(a)(1)(B)(ii), Section 241(a)(1)(C) is inapplicable. Thus, neither provision governs petitioner's detention in this case.

        Respondents cite several cases in support of their argument, (Dkt. #13 at 6), however, "[t]hese cases are either inapposite or offer analyses that this Court has repudiated." *Rodriguez-Carabantes*, No. C06-1517Z, 2007 WL 1268500 at 3-4 (rejecting *Glassia v. Coleman*, No. C02-1222 (W.D. Wash. February 3, 2003) (Rothstein, J.); *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002); *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359 (N.D. Ga. 2002); *De La Teja v. U.S.*, 321

REPORT AND RECOMMENDATION
PAGE -7

F.3d 1357 (11th Cir. 2003); *Kayrouz v. Ashcroft*, 261 F. Supp. 2d 760 (E.D. Ky 2003)).  Here, the Court similarly rejects respondents' argument.  This Court concludes that the removal period has not yet begun, and that petitioner is detained pursuant to INA § 236.

B.     <u>Detention Under INA § 236</u>

Section 236(a) of the INA provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. <u>Except as provided in subsection (c) of this section</u> and pending such decision, the Attorney General –
> (1) <u>may</u> continue to detain the arrested alien; and
> (2) <u>may</u> release the alien on –
>         (A) bond of at least $1,500 . . . or
>         (B) conditional parole . . .

INA § 236(a), 8 U.S.C. § 1226(a).  Under Section 236(a), the Attorney General retains discretion to decide whether an alien may be released on bond, or on conditional parole pending the completion of removal proceedings, unless the alien falls within the categories of aliens described in Section 236(c), for whom detention is mandatory.  *See also* 8 C.F.R. § 236.1(d)(1), 241.3, 241.4.

Respondents argue, in the alternative, that petitioner's detention is mandatory under INA § 236(c)(1)(A) because he was convicted of a crime involving moral turpitude.  (Dkt. #16 at 11). Section 236(c) of the INA requires ICE to take any alien into custody who "is inadmissable by reason of having committed any offense covered in Section 1182(a)(2) of this title [including a crime involving moral turpitude.]"  INA § 236(c)(1)(A), 8 U.S.C. § 1226(c)(1)(A).  Petitioner likewise contends that he is detained pursuant to INA § 236(c), but argues that his continued detention without bond violates his due process rights.  Petitioner contends that he is entitled to

REPORT AND RECOMMENDATION
PAGE -8

...

an individualized bond hearing before an Immigration Judge where the government must establish that he is a flight risk or a danger to the community. (Dkt. #6 at 7-9).

In the present case, the May 6, 2006, decision of the IJ specifically found petitioner inadmissable under INA § 212(a)(2)(A)(i)(I), by reason of having committed a crime involving moral turpitude. (Dkt. #16 at L540-551). Accordingly, it appears that petitioner falls squarely within the group of aliens described in INA § 236(c)(1)(A) for whom detention is mandatory. Nevertheless, the administrative record indicates that petitioner has not been subjected to mandatory detention under Section 236(c), but has received meaningful consideration for release. Contrary to petitioner's claim, the Immigration Judge twice found petitioner to be a danger to the community and a poor bail risk because of his May 2005 conviction for second degree assault and his arrests for domestic violence assault, driving under the influence, hit-and-run, and a gang-related shooting, and the BIA affirmed those findings. (Dkt. #16 at L498-501, L494; Dkt. #14, Ex. A). Moreover, ICE conducted an individualized review of petitioner's custody status and issued a discretionary decision to continue his detention. Specifically, ICE found petitioner to be a flight risk because of his "history of being an undocumented illegal alien for numerous years, his lack of documentation of his plans for life, and the unlikelihood of relief being granted for him." (Dkt. #23, Ex. B). The petitioner's detention is thus not mandatory.

In his response brief, petitioner concedes that ICE conducted a custody review of his case, but argues in conclusory fashion that his review was biased and not given in accordance with applicable rules. Petitioner further disputes ICE's conclusion that he is a flight risk and a danger to society. (Dkts. #21, 24 at 2). Under INA § 236(a), respondents have discretion to decide whether an alien should be detained, released on bond, or released on conditional parole upon a

REPORT AND RECOMMENDATION
PAGE -9

finding of flight risk and danger to the community. INA § 236(a), 8 U.S.C. § 1226(a). Factors considered include: (1) the nature and number of disciplinary infractions received while incarcerated or detained; (2) the nature and severity of the alien's convictions, sentences imposed, parole history, recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) ties to the United States; (6) prior immigration violations; (7) flight risk, including history of escapes and failures to appear; (8) other information that is probative of whether the alien is likely to endanger the community or violate his or her release conditions. *See* 8 C.F.R. § 241.4(f).

Here, the administrative record indicates that respondents considered these factors when reviewing petitioner's custody status. As indicated above, the ICE reviewing officer specifically noted petitioner's criminal history, immigration violations, his lack of documentation of his plans for life in the community, his lack of work experience, and his lack of documentation of rehabilitation. (Dkt. #23, Ex. B). Accordingly, the Court finds that petitioner's detention was implemented in a fair manner and does not violate procedural due process requirements. To the extent petitioner challenges the discretionary decision the Attorney General has made regarding his flight risk and danger to society, such determination is not subject to judicial review. *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); INA § 236(e), 8 U.S.C. § 1226(e); *see also Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) ("The aliens here, however, do not seek review of the Attorney General's exercise of discretion; rather, they challenge the extent of the Attorney General's authority under the post-removal period detention statute. And the extent of that authority is not a matter of discretion.").

Petitioner further contends that his prolonged detention off and on for more than one year

REPORT AND RECOMMENDATION
PAGE -10

is unlawful under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. at 678. (Dkt. #6 at 8-9). In *Zadvydas*, the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), authorizes the government "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Id.* at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), does not permit indefinite detention, and established a presumptively reasonable six-month period of detention under INA § 241(a). *Id.* at 700-01. After this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Petitioner argues that he is entitled to release from detention due to his prolonged, indefinite detention.

Petitioner's reliance on *Zadvydas* is misplaced because, as discussed above, the removal period has not yet commenced. Moreover, petitioner has not demonstrated that his removal to El Salvador is not significantly likely in the reasonably foreseeable future. As indicated in the record, ICE previously removed petitioner to El Salvador on October 30, 2006, and another travel document can be issued for his removal again. (Dkt. #23, Ex. B). The only thing preventing petitioner's removal is his Petition for Review and related stay of removal. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. Thus, contrary to the petitioners' detention in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially permanent." *See Zadvydas*, 533 U.S. at 691.

Petitioner also argues that his detention does not comply with due process under *Tijani*

*v. Willis*, 430 F.3d 1241 (9th Cir. 2005). Petitioner's reliance on *Tijani* is also misplaced. In that case, the petitioner had been subject to mandatory detention under INA § 236(c) for over two years and eight months and was likely to be detained for another year or more while his petition for review was pending before the Ninth Circuit. The Ninth Circuit remanded the case to the district court with directions to grant the writ of habeas corpus unless the government provides the petitioner with a bond hearing before an immigration judge or establishes that he is a flight risk or a danger to the community. *Id.* at 1242. The Ninth Circuit avoided deciding the constitutional issue, and instead interpreted INA §236(c) to authorize mandatory detention only where removal proceedings are expeditious. *Id.* Here, petitioner is not being held pursuant to INA § 236(c), but has received two constitutionally-adequate individualized hearings by the Immigration Court and one custody review by ICE. Accordingly, petitioner's current detention is lawful, and there is no basis for this Court to order that petitioner be released.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 27th day of August, 2007.

Mary Alice Theiler
United States Magistrate Judge